PER CURIAM.
James Bryant, Jr. appeals a summary judgment from the trial court wherein his termination as an Instructor with appellee was upheld. Mr. Bryant contends the trial court erred in its construction of the contract between the parties. It is his contention that the contract is clear and unambiguous and should be construed contrary to the construction given by the trial court. We agree and reverse.
The applicable provisions of the agreement between the parties are as follows:
4. FAMU would also provide Mr. Bryant with up to two (2) years of leave for the purpose of continuing to pursue his doctorate degree. If Mr. Bryant is successful in obtaining his doctorate degree, he may at that time apply for tenure and promotion. Mr. Bryant should begin his leave of absence by no later than the 1990-91 year.
6. FAMU agrees to allow Mr. Bryant to remain in the Instructor’s position for five (5) more years, so long as Mr. Bryant satisfactorily carries out his responsibilities as an Instructor and no exigencies occur. At the end of five (5) years, beginning in the Fall Semester 1989, he must have earned his doctorate degree in order to stay at FAMU beyond the five (5) year period.
Appellant contends that he had a contract as an Instructor for a term of five years after which he could no longer have employment with appellee, unless during that five year period he obtained his doctorate degree. To enable him to obtain his doctorate degree, he would be entitled to a leave of absence up to two years and should commence his efforts to obtain his doctorate by the school year 1990-91.
Appellee contends that it was the intention of the agreement that the appellant have a five year window in which to obtain a doctorate degree to secure further employment with appellee. If appellant did not commence his effort to obtain the doctorate degree by the 1990-91 year, then appellee would have no obligation to extend him employment during any remaining portion of the five years.
While appellee may have intended the result that it has argued, the language of the agreement between the parties does not admit of any such undisclosed mental intention. The language of the agreement is clear, it is consistent with appellant’s interpretation and it affords the appellant five years employment even if he does not seek his doctorate.
The decision of the trial court is REVERSED and the case is REMANDED for further proceedings consistent with this opinion.
ERVIN, BARFIELD and KAHN, JJ., concur.